53 CCPA

**DUFFY–MOTT COMPANY, Inc.,**
**Appellant,**

v.

**GENERAL MILLS, INC., Appellee.**

**Patent Appeal No. 7526.**

United States Court of Customs
and Patent Appeals.

Jan. 6, 1966.

Emery, Whittemore, Sandoe & Graham, New York City, (Nichol M. Sandoe, New York City, of counsel), for appellant.

Harold D. Jastram, Minneapolis, Minn., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

ALMOND, Judge.

Duffy-Mott Company, Inc., appeals from the decision of the Trademark Trial and Appeal Board dismissing its opposition [1] to the applications [2] of General Mills, Inc., for registration of the marks "FIGURE FARE" and "FIGURE LIMITED" for dietary food concentrate for weight control. Use of the marks since April 24, 1962 is asserted.

Appellant is the owner by assignment of a registration of the trademark "FIGURE CONTROL" with script and design for a dietary supplement [3] and for a wide variety of canned and bottled food products.[4]

The parties entered into a stipulation in lieu of taking testimony. It appears that appellant's predecessor during the period from October 17, 1959 to June 23, 1961 sold a dietary supplement in dry powdered form enclosed in sealed plastic envelopes, each containing a single feeding; that appellant, since about April 30, 1962, has used the mark for a dietary supplement sold in liquid form; that since various dates prior to 1962 it has used the mark for a wide variety of canned food products "advertised for use by persons desiring to restrict their diet and caloric intake."

It further appears from the stipulation that from September 1961 to March 1963 the approximate dollar value of sales under the trademark FIGURE CONTROL was $2,940,197 and that through such media as radio, television, newspapers and the like in excess of $1,000,000 has been spent in sales promotion and advertising of appellant's products under said mark.

---

1. Oppositions Nos. 42,414 and 42,415, both filed Dec. 13, 1962, were consolidated on opposer's motion.

2. Serial No. 145,355 and Serial No. 145,348, both filed May 24, 1962.

3. Reg. No. 710,456, issued Jan. 31, 1961 to Amco Cosmetics, Inc. and assigned to opposer on June 23, 1961.

4. Reg. No. 721,670, issued September 19, 1961; No. 733,894 issued July 3, 1962; No. 735,011, issued July 24, 1962 and No. 735,437, issued July 31, 1962.

Since appellee took no testimony, the board correctly assigned its earliest date of first use of the marks FIGURE FARE and FIGURE LIMITED as May 24, 1962, the filing date of appellee's applications.

Accordingly, there being no issue as to priority of use and the record disclosing that some of the products of appellant are competitive with the products of appellee, the sole issue remaining is whether the marks of appellee so resemble the mark of appellant as to be likely, when applied to the goods of appellee, to cause confusion or mistake or to deceive.

The board held that:

\* \* \* applicant's marks "FIGURE FARE" and "FIGURE LIMITED" differ substantially in both appearance and sound from opposer's mark "FIGURE CONTROL." And, while each of these marks is suggestive of the fact that the product to which it is applied is effective in controlling weight, the similarity between them in this respect is considered not to be such as would be likely to cause confusion or mistake or to deceive purchasers. \* \* \*

Our analysis of the record is persuasive of a different conclusion. We find that there is virtual identity in product when we consider appellee's "Dietary Food Concentrate for Weight Control" and appellant's "Dietary Supplement," registration No. 710,456, and appellant's "Liquid Food For Dietary Weight Control," registration No. 749,879. The goods of the respective parties relate to "caloric control" with sales directed to the same class of customers, i. e., those seeking to reduce weight by the use of low calorie foods.

In our view, it would seem to follow that purchasers interested in dietary foods for weight control would be predominantly impressed by the word "figure" as it appeared in association with such products and would most likely attribute goods offered for sale under such marks as FIGURE FARE, FIGURE LIMITED and FIGURE CONTROL to a common source or origin. This conclusion would be augmented by the fact that the competing products are virtually identical in content and purpose.

Considering the competing marks in their entireties, in light of the factors of record hereinabove noted, we are impelled to the conclusion that the similarity between them is such as would be likely to cause confusion or mistake or to deceive.

The decision of the board in dismissing the opposition is reversed.

Reversed.